IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| DONNA C. ADAMS, | : |
| Plaintiff | : |
| VS. | : |
| | :    3 : 08-CV-06 (CDL) |
| MICHAEL J. ASTRUE, | : |
| Commissioner of Social Security, | : |
| Defendant. | : |

**RECOMMENDATION**

The plaintiff herein filed this Social Security appeal on January 14, 2008, challenging the Commissioner's final decision denying her application for disability benefits. Jurisdiction arises under 42 U.S.C. § 405(g). All administrative remedies have been exhausted.

*Background*

The plaintiff filed claims for disability benefits in November 2002, alleging disability since June 18, 2002, due to obesity, osteoarthritis, back pain and depression. Her applications were denied initially and upon reconsideration. Following a hearing, the ALJ determined that the plaintiff suffered from severe impairments in the form of lumbar and thoracic degenerative disc disease, bronchitis, morbid obesity, osteoarthritis of the knees bilaterally, and a depressive disorder. However, the ALJ went on to find that the plaintiff was not disabled, as she remained capable of performing light work and could return to her past relevant work as a cashier. The Appeals Council denied review, and the plaintiff then filed this appeal, arguing that the ALJ erred in failing to find that plaintiff's impairments met or equaled certain listings, failed to properly consider her obesity, erred in not according controlling weight to the treating source

opinion, erred in applying the pain standard, and erred in finding that the plaintiff could return to her past relevant work as a cashier.

The plaintiff did not graduate from high school but later obtained a GED. Her past work consists of cashier at a video store and cashier at a convenience store. At the time of the hearing before the ALJ, the plaintiff was forty-five (45) years of age.

*Discussion*

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983); Boyd v. Heckler, 704 F.2d 1207, 1209 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Richardson v. Perales, 402 U.S. 389, 401 (1971). In reviewing the ALJ's decision for support by substantial evidence, this court may not reweigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." Bloodsworth, 703 F.2d at 1239. "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." Cornelius, 936 F.2d at 1145-1146.

*Listings*

The plaintiff argues initially that the ALJ erred in failing to find that her spinal conditions meet or equal listings 1.02 and 1.04. In order to establish that his impairments meet or equal one or more of those set out in the List of Impairments (Appendix 1, 20 C.F.R. Part 404), a claimant must present specific medical findings that meet the tests for the applicable impairment or medical evidence that demonstrates how the impairment is equivalent to the listings. Bell v. Bowen, 796 F.2d 1350, 1353 (11th Cir. 1986) (plaintiff must "present specific medical findings that meet the various tests listed under the description of the applicable impairment or, if in the alternative he contends that he has an impairment which is equal to one of the listed impairments, the claimant must present medical evidence which describes how the impairment has such an equivalency"); Wilkinson v. Bowen, 847 F.2d 660, 662 (11th Cir. 1987).

Listing 1.04 governs musculoskeletal disorders and requires that a claimant present evidence of a disorder of the spine resulting in compromise of a nerve root or the spinal cord, along with evidence of either nerve root compression, spinal arachnoiditis, or lumbar spinal stenosis, with certain specific criteria under each of these conditions.

The pertinent portion of Listing 1.02 calls for a finding of disability based on

> Major dysfunction of a joint(s) [c]haracterized by gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s)[, w]ith: (A) [i]nvolvement of one major peripheral weight-bearing joint (i.e., hip, knee, or ankle), resulting in inability to ambulate effectively.

> 20 C.F.R. Ch. III (4-1-08 Edition) Pt. 404, Subpt. P, App. 1

The Commissioner argues that the plaintiff has failed to show that her spinal condition resulted in "compromise of a nerve root . . . or the spinal cord" under Listing 1.04, having failed to produce any x-ray or other medically acceptable imaging evidence that shows such compromise. Additionally, the Commissioner argues that the plaintiff has not established that her conditions meet or equal Listing 1.02, inasmuch as she has not provided medical evidence establishing a gross anatomical deformity of any joint.  The court agrees.  Multiple medical sources examined the plaintiff's knees, ordering MRI scans and x-rays, and found only mild or moderate degenerative changes in plaintiff's knees.  The plaintiff has not shown any reduced ability to ambulate effectively as a result of her conditions, nor has she presented any evidence showing compromise of a nerve root or the spinal cord.  The ALJ's finding that the plaintiff's conditions did not meet or equal a listing was therefore proper and supported by substantial evidence.

*Obesity*

The plaintiff also argues that the ALJ failed to properly consider the effect of her obesity as contributing to her disability.  Herein, the ALJ specifically found that the plaintiff's obesity was a severe impairment, and stated that when considered individually or in combination with other impairments, her obesity did not result in additional and significant limitations in her ability to perform work activities.  The plaintiff has failed to point to any specific limitations created by her obesity as impacting her ability to perform substantial gainful activity.  As the Commissioner argues, the plaintiff has failed to show that her obesity prevented her from performing her past relevant work, especially in light of her greater weight during periods of her substantial gainful activity.

*Treating physician*

The plaintiff argues that the ALJ discredited the opinions of treating physician Dr. Paul Raber, despite a long-term treatment relationship with the plaintiff. Pursuant to 20 C.F.R. § 404.1527(e)(2), the Commissioner will "consider opinions from treating and examining sources on issues such as . . . your residual functional capacity . . . [although] the final responsibility for deciding these issues is reserved to the Commissioner." "A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled." 20 C.F.R. § 404.1527(e)(1).

In general, the opinions of treating physicians are given substantial or considerable weight unless good cause is shown to the contrary. MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986). Good cause has been found to exist "where the doctor's opinion was not bolstered by the evidence, or where the evidence supported a contrary finding. We have also found good cause where the doctors' opinions were conclusory or inconsistent with their own medical records." Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997) (internal citations omitted). As the Lewis court noted, "[w]e are concerned here with the doctors' evaluations of [the plaintiff's] condition and the medical consequences thereof, not their opinions of the legal consequences of [her] condition." Id.

Following six (6) years of treatment of the plaintiff primarily for hip and knee pain, Dr. Raber issued a functional capacities assessment on September 16, 2005, wherein he opined that the plaintiff "cannot work at all", based on diagnoses of arthritis, morbid obesity, bipolar disorder, and chronic back pain. R. at 341-48. The ALJ noted these findings, but found that "[w]hile controlling weight is typically afforded to the opinion of a treating physician, such weight cannot be placed upon Dr. Raber's opinion as it is highly inconsistent with the objective

5

medical evidence noted above and inconsistent with the claimant's own report of her daily activities." R. at 19. The ALJ goes on to note that

> [i]n her application for disability and at the hearing, the claimant indicated that she independently takes care of her five year old twins, which includes giving them a bath, taking them to school and attending their school events. She also reports that she attends church each week, goes out to eat or to the movies, visits with friends outside of the home each week, watches television, and goes shopping for food and clothes without assistance. In addition, she reports that she performs such household chores as laundry, vacuuming, dusting, mopping, cooking, and dishes on a daily basis, drives, and handles her own finances. These activities demonstrate a capacity to function that is much greater than Dr. Raber suggests. In fact, the claimant's activity is consistent with someone capable of at [least] light work activity.
>
> Consistently, the State Agency medical consultant determined that the claimant would be capable of performing light work activity with the ability to frequently lift and carry up to 10 pounds and sit, stand, and walk for up to 6 hours during an eight hour work day [with certain limitations].

R. at 19.

The ALJ's conclusion that Dr. Raber's opinion of disability was not entitled to great weight is supported by substantial evidence. As the Commissioner argues, Dr. Raber's treatment notes for the plaintiff, beginning in May 2002 and carrying forward, do not reveal any significant abnormalities in plaintiff's physical findings and show only that Dr. Raber prescribed medications and provided injections. Other physicians who examined and/or provided treatment for the plaintiff did not note any significant medical findings, but found only mild degenerative changes in plaintiff's knees and some reduced range of motion in her back, hips, and knees. State agency medical consultants who reviewed plaintiff's medical records in April and October

2003 concluded that the plaintiff could perform a significant range of light work.  Additionally, the plaintiff's testimony and applications for disability benefits show that her daily activities continued to include caring for her then-five-year-old twin children, attending church each week, driving, shopping for food and clothes without assistance, household chores and cooking.  R. at 79-83, 100-11, 233-34.

*Pain standard*

The plaintiff argues that the ALJ failed to properly apply the pain standard.  If the Commissioner "finds evidence of an underlying medical condition, and either (1) objective medical evidence to confirm the severity of the alleged pain arising from that condition, or (2) that the objectively determined medical condition is of a severity which can reasonably be expected to give rise to the alleged pain," then he must consider the claimant's subjective testimony of pain.  Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992); Hand v. Heckler, 761 F.2d 1545 (11th Cir. 1985).

An individual's statement concerning pain is not alone conclusive evidence of a disability.  20 C.F.R. § 404.1529(a).  Rather, the intensity and persistence of the pain must be considered, using plaintiff's testimony, including activities of daily living, and objective medical records as evidence.  20 C.F.R. § 404.1529(c).  The Commissioner is entitled to "consider whether there are any inconsistencies in the evidence, and the extent to which there are any conflicts between [plaintiff's] statements and the rest of the evidence."  20 C.F.R. § 404.1529(c)(4).  If plaintiff's testimony of pain and other symptoms can be reasonably accepted as consistent with the medical evidence, then plaintiff will be deemed disabled.  However, if the Commissioner discredits such testimony, "he must articulate explicit and adequate reasons," or the testimony must be accepted

as true.  Cannon v. Bowen, 858 F.2d 1541, 1545 (11th Cir. 1988).

The ALJ herein did apply and consider the plaintiff's subjective complaints under the pain standard.  He found that "[a]fter considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible." R. at 18.  The ALJ went on to find that the objective  medical record showed that the plaintiff suffered from mild degenerative arthritis and depression that was stable with medication, and that she had only mild to moderate degeneration of her knees and hips.  The ALJ relied on these medical findings in combination with the plaintiff's range of daily activities, which even if performed more slowly or with pain showed that the plaintiff was capable of performing light work with certain restrictions.  The ALJ's findings in this regard are supported by substantial evidence.

*Past relevant work*

Finally, the plaintiff argues that the ALJ erred in finding that she could return to her previous work as a cashier, in that his residual functional capacity finding that the plaintiff remained capable of light work was not based upon substantial evidence.  Based upon her previous arguments that the ALJ erred in rejecting her subjective testimony regarding pain, erred in disregarding the effects of her obesity, and failure to properly evaluate treating source opinions, the plaintiff maintains that the ALJ's residual functional capacity finding cannot stand.

However, as already noted herein, the ALJ's findings that the plaintiff's subjective complaints were not entirely credible, as well as his analysis of the plaintiff's obesity and her treating physician's opinion are supported by substantial evidence.  The ALJ's determination

regarding the plaintiff's ability to return to her past relevant work as a cashier was proper as well.  The ALJ found that plaintiff's past work as a cashier was considered light, unskilled work under the DOT, and as performed by the plaintiff did not involve lifting more than ten pounds, walking for more than one hour during a work day, standing for more than three hours, sitting for more than four hours, and bending for more than about one hour.  In comparing the plaintiff's residual functional capacity with the demands of her prior work as a cashier, the ALJ properly found that the plaintiff was able to perform her past relevant work.

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence and was reached through a proper application of the legal standards, it is the recommendation of the undersigned that the Commissioner's decision be **AFFIRMED** pursuant to Sentence Four of § 405(g).  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Clay D. Land, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 29th day of January, 2009.

/s/ *Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

asb

9